### Fields v. Rowe et al.

June 2, 1950.

E. D. Stephenson, Judge.

188

Abner May and Russell Vanover for appellant.

Hobson & Scott for appellees.

STANLEY, COMMISSIONER—Affirming.

The controversy is over the ownership of about two acres of land on the south side of Levisa Fork of Big Sandy River. It lies between the river and county road. It is low land, frequently flooded, and seems to be accretions on the south side of the river, and is referred to by some of the witnesses as an island. The suit by Grover Rowe and K. J. Day is to enjoin trespass by Lewis Fields. The defendant claimed to own the parcel, but the court found otherwise and Fields appeals. His only statement as to the point involved is, ''The appellees are trying to switch from one deed to another deed in order to take the appellant's land.'' There is much in the brief outside the record, of an abusive character, with little legitimate argument.

The plaintiffs had purchased several tracts of land at a judicial sale of property of Freeland Griffith and received a commissioner's deed on March 28, 1941. The suit styled, McCloud v. Griffith, was by a number of Griffith's creditors. Fields had a first mortgage and Rowe a second mortgage on what is designated as tract No. 5, which is described as being on the north side of the river.

In consideration of his release to Rowe and Day of whatever claim or demand Fields had by virtue of the judgment in the McCloud case, they conveyed to him on July 1, 1942, a parcel which we understand contains about 27 acres. It was described as ''fronting on the river'' (which is the north side) adjacent to land then owned by Fields. It was described in part as being known as ''the George Kinder property.'' This was parcel No. 6 in the McCloud judgment and commissioner's deed. The appellant continues to claim that this reached across and included the two acres in controversy. The plaintiffs showed that the two acres are included in tract No. 3, of 300 acres, which they acquired by the commissioner's deed. All the deeds through which title to this tract is traced call for ''the river,''

the "center of the river" or "the meanderings of the river" as the boundary line.

None of the deeds through which title is traced to the defendant's 27 acres can be read as extending over to the south side of the river. They all call for the north side as the boundary.

The appellant's claim seems to be a clear misconception or the failure to recognize the boundary of the land he acquired from Rowe and Day. His proof consists of traditions or understandings of neighbors that the Kinder land embraced this so-called island when, as a matter of fact, all the deeds are to the contrary. He did introduce a surveyor who, in 1912, had surveyed all these lands for a coal company which owns the minerals, and he stated that in surveying the 300 acres (now belonging to appellees) he did not carry the lines to the river but such part as he surveyed did not include this so-called island. The surveyor seems to have run his lines from statements of others rather than to follow the recorded instruments closely. He added, "We were very careful not to take in any disputed claims and this is the reason for our inquiring about the construction of the deeds placed on it by the citizens." He recognized in his testimony that this parcel had been built up probably since that survey. He had then found the Kinder land to be on the opposite side of the river and his testimony gives no suggestion that this was ever a part of that land.

This is all we can make out of the case. It is apparent that the judgment is correct.

Judgment is affirmed.